**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| LORI WILLIAMS,  )<br><br>            Plaintiff,  )<br>      v.  )<br><br>HELMSMAN INSURANCE AGENCY,  )<br>LLC, D/B/A LIBERTY MUTUAL  )<br>INSURANCE  )<br><br>            Defendant.  )  | Case No.  1:26-cv-00171 |

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Helmsman Insurance Agency, LLC, d/b/a Liberty Mutual Insurance ("Liberty Mutual"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., files this Notice of Removal of the state court action described below from the Strafford County Superior Court of New Hampshire to the United States District Court for the District of New Hampshire.

Removal is appropriate pursuant to 28 U.S.C. §§ 1331 and 1367 because Plaintiff's claims arise under federal law.  In support thereof, and for the purposes of removal only, Liberty Mutual states the following:

### TIMELINESS OF REMOVAL

1.      On August 24, 2023, Plaintiff dual-filed a Charge of Discrimination with the New Hampshire Commission for Human Rights, Case No. EARCS(R) 0214-23, and the U.S. Equal Employment Opportunity Commission, EEOC Charge No. 16D-2023-00224, alleging that Liberty Mutual discriminated against her by failing to promote her and retaliated against her after she

reported her concerns about not receiving a promotion in violation of N.H. RSA 354-A, the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act ("Title VII"). *See* **Exhibit A**, Plaintiff's Charge of Discrimination.

2.      On July 21, 2025, the Investigating Commissioner determined that probable cause existed on Plaintiff's claims.  *See* **Exhibit B**, Probable Cause Finding.

3.      Plaintiff has not requested a right to sue letter from the EEOC, and the EEOC has taken no action in the matter since the Commission issued the Probable Cause finding.

4.      Pursuant to NH RSA 354-A:21-a, a "party alleged to have committed any practice made unlawful under this chapter may, in any case in which a determination of probable cause has been made by the investigating commissioner, remove said complaint to superior court for trial" at any time prior to the commencement of a public hearing before the Commission.

5.      The Commission scheduled a pre-hearing conference for February 12, 2026. *See* **Exhibit C**, Pre-Hearing Notice.

6.      On February 5, 2026, pursuant to RSA 354-A:21-a, Liberty Mutual timely and properly removed the action to the Strafford County Superior Court of New Hampshire.

7.      A copy of Liberty Mutual's Petition for Removal (dated February 5, 2026), Notice of Removal to Executive Director of the New Hampshire Commission for Human Rights (dated February 6, 2026),  Notice of Removal to Complainant (dated February 6, 2026), and the Superior Court's Notice of Hearing (dated February 12, 2026) are attached hereto as **Exhibit D**. These filings comprise the process, pleadings, discovery, or orders known by Liberty Mutual to have been filed or served in this action.  *See* 28 U.S.C. § 1446(a).

8.      On February 6, 2026, the Superior Court docketed the filing of this matter.

9.      Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days of February 5, 2026, the date of the Superior Court filing of this Action.

**VENUE**

10.     The Strafford County Superior Court of New Hampshire is located within the District of New Hampshire. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

11.     This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12.     Plaintiff's Complaint alleges that Liberty Mutual violated the ADEA and Title VII, in addition to parallel state law claims under N.H. RSA 354-A.

13.     By asserting claims under federal law, namely, the ADEA and Title VII, Plaintiff's Complaint asserts federal questions under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

**SUPPLEMENTAL JURISDICTION**

14.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution."

15.     Here, Plaintiff's state law claims for discrimination and retaliation under N.H. RSA 354-A arise from the same set of operative facts as her ADEA and Title VII claims.  The claims all arise out of a common nucleus of operative facts: Plaintiff's employment with Liberty Mutual. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

16.     Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims do not raise novel or complex issues of state law or predominate over the federal claims for which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).

**CONCLUSION**

17.     Pursuant to 28 U.S.C. § 1446(d), Liberty Mutual promptly filed a notice to the state court of removal of this action to federal court, along with a copy of this Notice. Additionally, Liberty Mutual served a copy of the notice to the state court and a copy of this Notice on Plaintiff.

18.     Pursuant to Local Rule 81.1(c), Defendant will file with the Court certified or attested copies of all records, proceedings and docket entries in the state court within fourteen (14) days after filing this Notice of Removal.

19.     Defendant will send to the Superior Court for filing the Notice of Filing Removal attached hereto as **Exhibit E**.

20. By removing this matter, Liberty Mutual does not waive, or intend to waive, any defense.

**WHEREFORE**, Liberty Mutual respectfully requests to remove the aforesaid action to the United States District Court for the District of New Hampshire.

4

Dated:  March 6, 2026

Respectfully submitted,

Helmsman Insurance Agency, LLC, d/b/a
Liberty Mutual Insurance

By its attorney,

*/s/ Aimee B. Parsons*
Aimee B. Parsons, NH Bar No. 17438
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Two Monument Square, Suite 703
Portland, ME  04101
Telephone:  207-387-2985
aimee.parsons@ogletree.com

Lauren M. Pritchard, NH Bar No. 271587
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA  02108-4403
Telephone:  617-994-5718
lauren.pritchard@ogletree.com

## CERTIFICATE OF SERVICE

I certify that on March 6, 2026, a copy of this Notice of Removal was sent via first class and electronic mail to the following:

Lori Williams
PO Box 122
Acworth, New Hampshire 03601
mastersonlori@yahoo.com

*/s/ Aimee B. Parsons*
Aimee B. Parsons

5